This is the first day of our January term. The first case on our call of the docket on Tuesday, January 11, 2011 at 9.30 a.m. is agenda number one, case number 108109, People v. Isaac Alcozer. Counsel? Good morning, Your Honors. My name is Kerry Goetsch, and I represent the appellant in this case, Isaac Alcozer. We're here this morning because Mr. Alcozer was fined by the trial court after that court dismissed his first pro se postconviction petition at the first stage. It is the state's position that, like Alcozer, every first-time postconviction petitioner should be fined if their petition is dismissed at the first stage. But the legislature did not say that every petition dismissed at the first stage should be fined. The legislature chose to dismiss the postconviction hearing act when defining that standard under 22-105. This suggests that the legislature intended on creating separate but related standards, and that the state's position that a first-time petitioner should be fined every time his petition is dismissed is incorrect. The state's position also raises constitutional issues, but I'd like to focus on the interpretational issues as the constitutional issues are dependent upon how this court interprets the two sections involved. That section 22-105 involves a separate standard than the act is supported by several things. One of them, the legislative intent of section 22-105. When debating whether to enact that section, the petitioners, such as Alcozer's, would not be punished. They were specifically asked, what if a petitioner files something he believes has merit, but is ultimately unsuccessful? And the answer to that was that, well, they shouldn't be deterred in filing those things, because that's not what this is meant to deter. This was meant to deter such frivolous filings as things involving peanut butter, or someone repeatedly clogging up the court with a repeated filings. That there's a difference between the two sections is also supported by the statutory language, and indeed by decisions that have come down. In People v. Brown, the first district appellate court found that the assessment of fees and costs was not authorized under section 22-105, even though it also found that the petition was properly dismissed at the first stage. The state argued there, as here, that the fines must be imposed in every instance. And while that's not a published decision, and this court did not ultimately address the issue, it's still significant that the first district appellate court felt that there was some difference in the standards, enough that it decided that the fees shouldn't be imposed, even though it was approved by the petition at the first stage. That there's a difference is also supported by the statutory language of the two sections. There is some difference there. Section 22-105 requires a specific finding that a document is frivolous, and it goes on to reference a detailed definition of what it means by the term frivolous. Counsel, what's wrong with the practical effect of why shouldn't the two statutes work together? I mean, in other words, if a petition is frivolous under section 122, it is by definition frivolous under section 22, instead of carving out a different definition for frivolous in this instance. Well, the practical implications are that it creates a dichotomy between what we're saying with the act, with the first stage standard of the act, which this court elucidated in Hodges, very detailed, that a petitioner is not expected to know the law, is given one chance to present their claims, and at the first stage of the post-conviction hearing, which is concerned with whether counsel should be appointed, whether the petition should advance to the point of being maybe amended or pleaded in such a way that it's a proper legal document, and this section 22-105, where you're really trying to discourage any type of violence. So you're really taking away the one shot that the legislature has decided to give petitioners, like it goes here. And if you look at the statutory language You're not really taking away the one shot. You're assessing fees and costs, but you're not taking away the shot, right? Well, you're not taking away the shot, but the ends, the effects of the two statutes are different. You're saying to a petitioner, like it goes here, you've got a limited time, you need to present these claims because you've only got one shot. Otherwise, you've got to satisfy cause and prejudice, and the standards that will apply on further proceedings. So you need to get your claims in. You need to present them fully in this first petition. Otherwise, you waive them. But then, at the same time, you might be punished for that if you don't do it in such a way that you satisfy the first stage of the pleading requirements. And if you look at the statutory language that the legislature chose to define frivolous specifically for section 22-105, it's not that you don't satisfy the first stage of the petition. It's that you don't satisfy the first stage of the petition. And then if you notice that under the Act, the standard is actually is frivolous or is patently without merit. So there is some difference there. And in the section of the Post-Conviction Hearing Act that cross-references section 22-105, it doesn't say if a petition is dismissed as being frivolous or patently without merit, the petitioner should be fined. It says the petitioner should be fined if the judge makes a specific finding that the petition is frivolous. And then it cross-references section 22-105. So the legislature was carefully parsing their words and not saying that every first stage petition that's dismissed should be fined. And I mean, that would have been a very easy thing for them to say. And they didn't do that. And I think that's for obvious reason that it creates this tension between the legislature and the legislature. And I think that's for obvious reason that it creates this tension between the Act and the intent of section 22-105. Under the State's position, if the two standards are the exactly same, if frivolous or patently without merit means the exact same thing as frivolous, then patently without merit necessarily becomes superfluous. It's just language that's included. It really doesn't take on any meaning under the State's position. Mr. Gottschalk, how does your proposed position, construction, avoid the constitutional issues in this case? Well, it gives the judge discretion and it doesn't, it's not an imposition of the fees and fines on every first-time filer. So it doesn't prohibit access to the courts and the equal protection argument is no longer there as well because you're not necessarily imposing this punishment for someone filing under their jurisdiction. So if the judge isn't required to impose these fines and fees, then the constitutional issues no longer really apply. It's only the mandatory nature of the State's position and the lower court's position that implicates the rights of due process and equal protection. And if you look at the legislative intent behind these two statutes, it's clear that the legislature didn't intend that every pro se petitioner be filed if their petitioner was dismissed. If you look at the purposes of the two sections, section 22-105 is concerned with preventing frivolous filings, whereas the legislature is concerned that we should appoint counsel to further develop these claims. And if you look at the purposes of the two statutes, you recognize that section 22-105 can't rationally serve its purpose in this instance because if it's meant to deter a first-stage filer, this court has to understand the legal concepts involved. And this petition was dismissed for purposes of res judicata and waiver, which this court has also said are inherently legal determinations. So we're saying someone like Alcoser is not expected to know the law. They can't really understand the legal concepts involved. And if we're going to punish them for that, that's not rational. It can't rationally deter someone like Alcoser who, if you look at his petition, his claims were barred because there was a pretrial motion to quash his arrest. And those claims weren't raised on direct appeal. Someone like Alcoser doesn't know. He's just trying to get further review of these claims. He thinks, well, what if the judge was wrong? It wasn't raised on direct appeal. Maybe I should have another judge look at this. So he raises them in a PC. That's really his only avenue. And the court dismisses it at the first stage. It's irrational to fine him. He doesn't know that these legal concepts, basically his claims are procedurally barred. And so he's trying to get further review of these claims. Also, if you interpret Section 22-105 in the states way where every petitioner is fined, it creates a tension. And I discussed this a little bit earlier. But the act dictates that you get one chance. So include everything. Try and get it all in. And do it in a timely manner. So if you're fined, you get one chance. Whereas Section 22-105 kind of dictates the opposite. It says that petitioners should be weary of filing their one first filing. Because even if it's dismissed for legal reasons, such as in this case, they'll be punished. Again, that's just not a rational way of looking at the way the two statutes interact. So the results of the state's position, as illustrated by this case, just don't make sense. The first time filer raising issues not addressed by appointing counsel on direct appeal, it was dismissed for legal reasons, procedurally barred by waiver and res judicata. And I mean, this wasn't an outrageous claim. He was trying to raise something he thought maybe had merit. And it was raised pretrial. And it's not frivolous in the sense that it's totally outrageous or it lacks any substance whatsoever. So... Are you saying, counsel, that we would need to read into this a bad faith or a no-brainer? No-brainer. No-brainer. No-brainer. No-brainer. No-brainer. No-brainer. No-brainer. No-brainer. No-brainer. Is there a knowing element? Well, I think for purposes of a first-time filer like Alcoser, Section 22-105 can't really work its intended purpose unless there's some sort of mental element of either the filing was in bad faith or the filing was knowingly done, knowing that it had zero chance of winning. Because you can't deter something from filing that's done unwittingly. You can't deter someone from filing their first PC unless they know that the claims that are contained within it are completely frivolous. So... So doesn't that mean that it would eliminate summary dismissal altogether in first stage? No, because the standards are separate. The standard for summary dismissal is a separate determination than the standard under Section 22-105 of whether fines and fees should be imposed. And that's what we're saying. We're saying that even if the judge dismisses the petition, as in this case, for purposes of res judicata and waiver, or maybe the client didn't include the necessary evidentiary documentation to support their petition, their claims, a petition like that that is dismissed would be dismissed. So the standard under Section 22-105 doesn't necessarily invoke Section 22-105 unless for some other reason. You know, it involves peanut butter or cookies crumbling or the kind of claims that the legislature was really trying to get at here. So the standard under Section 22-105 is not exactly the same as the standard for dismissing a first stage petition. They affect different ends. They affect different standards. And the legislature never really intended the outcome the state seeks. Had the legislature wanted to punish every first stage dismissal, they could have done so easily. They could have said so in a clear and distinct way. Instead, they chose to define frivolous specifically for purposes of Section 22-105. Mr. Alcoser asked that this Court recognize that there is some distinction between those two standards and that not every pro se petitioner should be filed if unsuccessful at the first stage. So unless this Court has any other questions, Mr. Alcoser asked that the fines imposed by the trial court be reversed. Thank you. Thank you, Mr. Chief Justice. May it please the Court, Assistant State's Attorney Brian Audeze on behalf of the people of the state of Illinois. The statute in question, Section 22-105, uses the word frivolous. In high court, the word frivolous is used to refer to the definition of frivolous. Mr. Audeze, this Court specifically invoked that definition of frivolous employed in Part B of Section 22-105 when it was defining frivolous for purposes of summary dismissal of post-conviction petitions. Saying basically that when a PC is pro se, when a petition is merely dismissed as frivolous or partly without merit, that equals frivolous within the meaning of 22-105. That's the definition of frivolous in Section 22-105. I'm not really sure what, how you would fashion distinct definitions for frivolous that, you know, if it's frivolous under one but not the other, exactly how low, lower than the standard set forth in Hodges and Blair, which I would also reference because Blair discusses the type, the basis upon which the defendant's petition was dismissed in this case. I'm not sure exactly how much lower you'd go. The defendant seems to May I ask you this? The statute that we're talking about, 22-105, applies not only to post-conviction petitions. It also applies to other filings, including a successive 214-01 petition. 214-01 does not have this idea of first stage dismissal by the court. So is there a different standard? Or how do we define frivolous in the context of a successive 214-01? Wouldn't that be different from how we define frivolous  in a PC case? Yes, but I think the PC case definition, the definition in 22-105 was meant to encompass a number of filings. It isn't, the statute addresses frivolous lawsuits. It doesn't say frivolous petitions for post-conviction relief or even frivolous initial petitions for post-conviction relief. And that's why it's drafted so that it comes, so that this comes under the broader rubric of Section 22-105. And that's why it doesn't go into saying, and we specifically mean defendant-specific petition here, we mean all these kinds of pleadings, collateral pleadings that are filed. And when this Court discussed the reason for that statute, 22-105, even though it was within the context of a petition for post-conviction relief, it spoke in broader language of frivolous pleadings, frivolous collateral pleadings, of which petitions for post-conviction relief are probably the most common. And that's why it doesn't go into saying, but they're not the only ones. So would you suggest that a court in denying a success of 214-01 would then have to make a second determination whether or not that pleading would be frivolous as defined in the Post-Conviction Act? Not as the Post-Conviction Act, but under 22-105. I believe that, as in this case, the Court would issue an order, a separate order, and say, and the Court would issue an order for, because someone filed something, a frivolous pleading, and the Court looked at it and determined that it was frivolous, he has to pay for the filing fee. Yes, that would be my position. Frivolous as defined in the cases regarding post-conviction petitions. We'd be using the same definition that's used in the post-conviction petitions when making this determination in a case that involved, for example, a 214-01 petition. Well, I believe that there are distinct avenues of relief, but the definition in 22-105, which is the specific, that's what we're talking about, that's what would have to be in the finding for frivolous. It would have to be, which, yes, encompasses the meaning of frivolous under the Post-Conviction Hearing Act under Hodges. Does that answer your question? Yes. Thank you. Let me ask about Rinaldi. I think the defendant takes the position that the appellate court's decision is inconsistent with Rinaldi. Does 22-105 suffer from the same constitutional imperatives as the statute in Rinaldi? Rinaldi was a New Jersey case, I believe, that went to the U.S. Supreme Court, and in Rinaldi, the U.S. Supreme Court was unable to find a rational basis for that statute. And among other things, pointed out that one of the problems with the statute at issue in Rinaldi was that basically it was if the petitioner loses, he pays fees. And it didn't go to the Supreme Court. It went to the Supreme Court. And the Supreme Court didn't distinguish between frivolous and merely losing. Our statute here, first of all, has a rational basis, which is to compensate the courts and also to defray at least some of the expenses required by frivolous pleadings, and also to discourage them. And that was the legislative purpose as found by this court in Connick. Additionally, in that case, the court made something of the distinction between a pleading that is frivolous and one that is ultimately unsuccessful, and didn't believe that it was fair to punish, not punish, but to make them pay fees for things that were ultimately unsuccessful as opposed to merely frivolous. Our statute here doesn't suffer from that infirmity. It has a clear legislative intent behind it, and moreover, it was dismissed at the first stage here, and the court specifically found in a separate order that it was frivolous. Now, that order was, of course, consistent with the order of summarily dismissing the petition, which also found that it was frivolous. And the definitions of frivolous align under Hodges. And it makes sense that they would align. The definition of frivolous would be that the petitioner was frivolous, and the petitioner was frivolous. And the reason that Hodges aligned them, I think, to some extent, although I'm speaking for the court here that wrote Hodges, is that the Post-Conviction Hearing Act didn't define frivolous. And Hodges wanted to kind of make it a little simpler for the courts to figure out exactly what was and wasn't frivolous. And they looked to other cases, other statutes, and one of the ones that they honed in on was, in fact, 22-105-B, which sets forth a number of definitions for frivolous. MS. GOTTLIEB Also, just so I understand you, are there any dismissals under the Post-Conviction Act at the first stage, frivolous and without merit, that would not be subject to costs under 22-105? MR. GARGANO No, because the definitions of frivolous are the same. If it's frivolous under 1, frivolous means the same thing. There is no distinction. If you find it frivolous, you find it frivolous. Does that... MS. GOTTLIEB Well, that's what I wanted to make sure, that I understand your position, which is in every case it's dismissed at the first stage. MR. GARGANO Based on a finding of frivolous. MS. GOTTLIEB Right. And they're subject to costs under 22-105. MR. GARGANO Yes. MS. GOTTLIEB No exceptions. The Court... MR. GARGANO Well, the exception was Section 214-01 became an initial, so the 214-01 petition would be an exception, but yes. MS. GOTTLIEB But that's not under the Post-Conviction Act. MR. GARGANO No. MS. GOTTLIEB Thank you. MS. GOTTLIEB Just so I'm clear, because I am concerned about the 214-01 piece, so I'm not sure what you're saying here. So if a 214-01 is dismissed, there's a motion to dismiss, there's no first stage, of course, there's a motion to dismiss, the Court grants the motion to dismiss, are you saying that there could be some cases in which that the Court could find it was frivolous and some cases where the Court could say it's unsuccessful, but not frivolous? MR. GARGANO I assume that, you know, the Court has to make a finding of frivolous for it could dismiss the 214-01 petition based on something else. Later on in the litigation, I don't really know, because it's hard without a specific case in mind for me to conceptualize it, I'm sorry. Does that answer your question? MS. GOTTLIEB Some. MR. GARGANO But that's what the statute says, a specific finding of frivolous. MR. GOTTLIEB Right. MR. GARGANO So you would assume even in the post-conviction stage, if there's a failure to appear or whatever, and the case is dismissed for some other reason, then 22-105 would not apply. MR. GOTTLIEB Right. So 22-105 requires MR. GARGANO Only in cases where the judge specifically says, I find this petition, 214-01 petition, I find this post-conviction petition frivolous. MR. GOTTLIEB Right. So the Court has to make an affirmative finding to that effect. It so happens that that finding would be the same as the finding a court would generally make if they were summarily dismissing an initial post-conviction petition. But for other types of pleadings, subject to 22-105, it would still require a finding of frivolousness. And that's what the statute says. And it provides definitions for frivolous. A defendant seems to want to suggest that this alternative is lower standard than the one that would involve some sort of a scientia requirement, I believe. The Court would have to find that the person meant to file something frivolous. Because prisoners aren't charged with so little knowledge of the law that they wouldn't know that they were filing something frivolous. But first of all, the statute isn't focused on the prisoner. It's focused on the pleading and the burden the pleading places on the court and the system to have to review it. It doesn't prevent the person from filing it, but it hopes to caution them, warn them, I believe is the language the courts have used, about the consequences of it. You have a right to file it, but you don't have a right to dismiss it. You don't have a right to dismiss it. You have a right to file something frivolous. And no court has ever found that anyone has a right to file a frivolous pleading. And when one files a petition for post-conviction relief, while one may not be charged with having to understand, you know, the vast body of law under it, you still have to state the gist of something. And if you don't state the gist of something, then it is properly dismissed, summarily dismissed. And then Section 22-105 would require, because it's frivolous, that fees be imposed, just the filing fee and the court cost, not the other expenses, which time, et cetera, that are created by the statute. I think that when someone files something, they should be at least responsible. I mean, they get to specifically invoke it. It's not like you just file a piece of paper. For it to be considered under the Post-Conviction Hearing Act, a petitioner must specifically, you know, state, this is the relief I seek. And yes, they don't have to cite cases or anything, but they have to state the gist of something or provide notice, I guess, of their claim, if you want to look at it from another perspective. And if they fail to do that, then after the court looks at it and sees that, the court may summarily dismiss it. And finding it frivolous may assess fines and may assess the fees for filing it. It doesn't provide, as the defined by the statute, a penalty, but the defendant's pleading suggests an impediment in that it doesn't affirmatively stop them from filing anything. It's kind of a warning. And in fact, the statute specifically says nothing in the statute stops, prohibits, or I think it's prohibits someone from filing something. It just says you should probably be aware of what you're filing, and all litigants should, and whether, you know, the claims you're making have anything to them. Because no one has a right to file a frivolous pleading, and that's ultimately what I think is being suggested here. Either that you have a right to file a frivolous pleading because we expect so little of you that, you know, we'll let it slide on a first conviction pleading, or that you just sort of have this right because it's somehow part of your right of access to the courts. But the right to file a frivolous pleading has never been recognized, and of course, it couldn't be recognized. If the court has no further questions, we would respectfully request that this court affirm both the constitutionality of the frivolous lawsuit statute and the fees imposed against defendant pursuant to that statute. Thank you. Thank you, counsel. Mr. Goetsch? I just have two points I'd like to briefly address. I think what kind of gets lost in all of this and in the state's argument is that patently without merit is never mentioned once by the state. It's frivolous or patently without merit is the standard for first age dismissal under the PCX. Frivolousness is the standard under section 22-105. So it's not necessarily that there isn't some overlap there. There definitely is. But the language that is used is different. And the legislature could have easily adopted this court's previous holdings, the definitions involved, for defining frivolous pleading as a frivolous lawsuit. And I think the legislature did not do that. In fact, it was the legislature defining what the first-stage PC dismissal standard is, but they didn't do that. They chose to define frivolousness for purposes of section 22-105 in a very distinct manner. And the second point which is related is that the intent of section 22-105 isn't met under the state's position. If every first-stage petition is dismissed, like Alcocer's, for purposes of res judicata and waiver, it really does no good to fine them. It's not going to discourage them because they don't know what res judicata and waiver are. They don't understand that. And it's not you get a one-time free filing of a frivolous petition. You get to file your PC so that the court can determine whether it should advance beyond the first-stage. So it's not like we're saying go ahead and file something completely off the wall. That's not what happened in this case. He filed something that he legitimately thought might need to be looked at by a court because it wasn't raised on direct appeal. And it was an issue in the trial. Mr. Gess, are you arguing that if the trial court at stage one finds that a petition is frivolous, that it should be dismissed? Are you conceding, perhaps, that therefore it's also frivolous under 22-105, that there could be a situation where the trial court would find a petition patently without merit, and that would not equate to frivolousness unless the trial court specifically entered a finding of frivolousness under 22-105? That is my position exactly. And I think this is a good one. And is there anything wrong with that? No. I think it gives the court discretion. It gives the trial judge discretion to determine whether this filing was something that was done maliciously, was done for improper purpose, was done knowing that it was totally off the wall, and was something that we really want to discourage, or whether this petitioner was filing something in good faith. And even though his claims shouldn't advance beyond the first stage for purposes of, like I said, either legal determinations like racial discrimination, or criminal discrimination, or a race-judicata waiver, or the Collins standards of not including enough evidence weren't met, there's different reasons why he could dismiss at the first stage, he or she, and still not feel like this was the kind of petition that warrants the imposition, the punitive sanctions. But isn't that available under the statutes as they're written now? Aren't those possibilities? Yes, it is. I don't think under the state's position that it is. And I don't think in this instance that the judge was right in determining that fines should be imposed. When he was dismissing, the judge's order says nothing about the claims being outrageous or frivolous. It says these are barred by waiver and race-judicata. So the judge wasn't making a finding of frivolousness in his written order. But he could make that finding with regard to 22-105, notwithstanding what the finding might or the reason for dismissal would be under the Post-Conviction Act or 214-01. Could he not? He could. But in this instance, it wouldn't be proper. If you're dismissing solely for basis of waiver and race-judicata, legal determinations, that if it was proper in this instance, then the judge would not be able to make that finding. It really doesn't affect the ends that Section 22-105 was really meant to affect. Because it's expecting more of a pro se petitioner than this Court or the legislature ever intended. Mr. Goetz, you've mentioned more than once that it wasn't proper in this case, if I heard you correctly. Is that right? Right. Are you asking us? I mean, I'm not sure from the briefs that you're claiming that the threshold requirement was met, finding of frivolousness. Are you asking us to re-examine that as well? I mean, you're challenging the whole issue of whether or not they can even impose these fees. But before you get there, you have to have the finding of frivolousness, don't you? For purposes of Section 22-105, yes. I do not believe that there is a provision in Section 22-105 that states that the petitioner should have advanced to the second stage. We're not arguing that. But we are arguing that he shouldn't have been fined for filing the petition that he did. But is part of your argument that there was no finding to justify it? Yes. Because if you look at the detailed finding that the judge makes, it's based entirely on waiver and res judicata. It has nothing to do with the merits of the underlying claim, whether they were legally or factually deficient to warrant some sort of consideration. It was that, A, they were considered retrial, and, B, they were waived because they weren't raised on direct appeal. And everything was based entirely on the record. So the judge's findings really had nothing to do with the frivolousness of the claims. It was that they were procedurally fined. So with that, unless this Court has any other questions? Thank you. Case number 108-109, People v. Alcoser, will be taken under advisement as Agenda No. 5.